# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernard Ross, )<br>)<br>    Plaintiff, )<br>) Civil Action No. 2:19-2080-RMG<br>    vs. )<br>)<br>Andrew Saul, Commissioner )<br>of Social Security, )  **ORDER**<br>)<br>    Defendant. )<br>_____) | |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on September 21, 2020, recommending that the Commissioner's decision be affirmed. (Dkt. No. 16). Plaintiff timely filed objections to the R & R and the Commissioner filed a reply. (Dkt. Nos. 17, 18).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard.  *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

Plaintiff's objections to the R & R reiterate his argument before the Magistrate Judge that Plaintiff satisfied Listing 4.02, Chronic Heart Failure, and that the Administrative Law Judge (ALJ) failed to address with sufficient specificity the connection between the criteria for Listing 4.02 and the medical evidence of record.  (Dkt. No. 17 at 1-2).  The Magistrate Judge addressed this objection in detail, accurately noting that the ALJ did, in fact, identify the Listing 4.02 criteria that Plaintiff failed to satisfy.  (Dkt. No. At 9-10).  The ALJ's findings included three specific criteria of Listing 4.02 that Plaintiff did not meet:  the absence of  "persistent symptoms

of heart failure limiting the ability to independently initiate, sustain or complete activities of daily living" (Listing 4.02B(1)); "three or more separate episodes of acute congestive heart failure within a 12-month period" (Listing 402B(2)); and "an inability to perform an exercise tolerance test" (Listing 402B(3). (Tr. 37). The Magistrate Judge concluded that "the ALJ conducted a comprehensive review of the pertinent evidence" and "resolved conflicting evidence in the record . . .," ultimately concluding that the record failed to establish that Plaintiff met the requirements of Listing 4.02. (Dkt. No. 16 at 13).

Having reviewed the ALJ's decision, the Magistrate Judge's R & R, and the record evidence, the Court concludes that the Magistrate Judge ably summarized the relevant facts and legal standards and correctly concluded that the decision of the Commission should be affirmed. Consequently, the Court adopts the R & R (Dkt. No. 16) as the Order of the Court and affirms the decision of the Commissioner.[1]

AND IT IS SO ORDERED.

S/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 26, 2020
Charleston, SC

---

[1] The Court notes that Plaintiff, who was 46 years old when this claim commenced, is presently 51 years of age (D.O.B. June 28, 1969). He was found to be limited to sedentary work by the ALJ due to his documented physical impairments. (Tr. 38). The Court is unaware of Defendant's present Social Security disability status. It should be noted, however, that under Social Security regulations, a claimant 50 years or older who is unable to perform his past relevant work and is limited to sedentary work is generally deemed disabled. 20 C.F.R. Part 404, Sub. P, App.2, §§ 201(g), 201.09.